UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND HUBBARD, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCEL SCHOOLS LLC, a foreign limited liability company doing business as VIRTUAL PREPARATORY ACADEMY of WASHINGTON; DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

**TO:**      **Clerk of the Court;**

**AND TO:**  **Raymond Hubbard, Plaintiff;**

**AND TO:**  **Timothy W. Emery, Patrick B. Reddy, and Paul Cipriani, Plaintiff's attorneys of record.**

PLEASE TAKE NOTICE that Defendant ACCEL SCHOOLS LLC[1] ("Defendant"), by this Notice, now effects the removal of the state action (filed on June 25, 2024, Case No. 24-2-

---

[1] Plaintiff incorrectly lists "Virtual Preparatory Academy of Washington" as a d/b/a of Accel Schools LLC. This is incorrect. Defendant Accel Schools LLC, either directly or through an affiliated entity, contracts with local school districts to provide management/consulting services. The school district in turn operates the "Virtual Preparatory Academy of Washington," not Defendant.

4895-2265-4159.3 / 100638-1112

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

14258-4 SEA) described below from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a) and 1441, or alternatively the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d) and 1441, and is timely under 28 U.S.C. § 1446.

In support of its Notice of Removal, Defendant provides the following information:

## **PLEADINGS**

1. On June 25, 2024, Plaintiff initiated a civil action in King County Superior Court by filing a copy of the Summons and Complaint with that Court. The Complaint sets forth one cause of action against Defendant, premised on Defendant's alleged use of job postings that do not include the wage scales or salary ranges to be offered to hired applicants. The Complaint is styled as a class action and asserts allegations on behalf of a putative class under Washington Civil Rule 23. A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit ("Ex.") 1**. A true and correct copy of the Summons is attached as **Ex. 2**. A true and correct copy of the Case Information Cover Sheet and Area Designation is attached as **Ex. 3**.

2. On June 25, 2024, the King County Superior Court issued an Order Setting Civil Case Schedule. A true and correct copy of the same is attached as **Ex. 4**.

3. On June 27, 2024, Plaintiff's counsel caused the Summons, Complaint, Case Information Cover Sheet, and Order Setting Case Schedule to be served upon Defendant's registered agent. A true and correct copy of the Declaration of Service of the same is attached as **Ex. 5**.

4. Defendant appeared through their counsel in the action in King County Superior Court on July 16, 2024. A true and correct copy of Defense Counsel's Notice of Appearance is attached as **Ex. 6**.

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

5. By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendant has received in the state court proceeding.

6. Accel Schools LLC is the only named Defendant, is represented by the undersigned counsel, and consents to removal.

**TIMELINESS OF REMOVAL**

7. The Notice of Removal is timely when it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

8. On June 27, 2024, Plaintiff's counsel delivered the Summons and Complaint to Defendant's registered agent to effect service in this action. Accordingly, this Notice of Removal has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. §1446(b) and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

**DIVERSITY JURISDICTION**

9. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). Removal of this action is appropriate based on diversity of citizenship because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). As set forth below, this case meets all of the requirements for removal and is properly removed by the filing of this Notice.

10. <u>Citizenship of Plaintiff</u>. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he is a resident of King County, Washington. Complaint ¶ 15. Plaintiff also alleges that he applied to work for Defendant in King County, Washington. Complaint ¶ 25. Plaintiff's own representations establish his domicile in Washington State.

11. <u>Citizenship of Defendant</u>. At the time this action was commenced, and at the time of removal, Defendant was not, and is not, a citizen of Washington.[2]

12. For the purposes of assessing diversity jurisdiction, a limited liability company is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. For the purposes of assessing diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id*. at 93, which is the corporation's "nerve center." *Id*. at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93.

14. Defendant is a limited liability company organized under the laws of Delaware whose sole member is Blended School Holdings Inc. Declaration of Craig Chung ("Chung Decl."), ¶ 3.

15. Blended School Holdings Inc. is incorporated in Delaware and maintains its corporate headquarters and principal place of business in Virginia. *Id.* at ¶ 4.

16. Accordingly, for purposes of diversity of citizenship, Defendant is a citizen of Delaware and Virginia, not of Washington.

---

[2] Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of "Does 1-20" can be disregarded.

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

17. Consequently, there is complete diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(a)(1).

18. <u>Amount in Controversy</u>. For purposes of removal, the amount in controversy exceeds $75,000, as set forth below.

## CAFA JURISDICTION

19. Alternatively, this Court has jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply where one or more Defendant is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice.

20. <u>Class Action Filed under State Law</u>. Plaintiff initiated a civil action in King County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Complaint at ¶¶ 40–54.

21. <u>Putative Class Size</u>. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." Defendant agrees there were at least 100 individuals who submitted job applications in Washington State during the relevant time period. Chung Decl. ¶ 5. Thus, the alleged class, as defined by Plaintiff, exceeds 100 individuals as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 5

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

22.     Minimum Diversity. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states. Defendant is a citizen of Delaware and Virginia. *See* Paragraphs 14–16, *supra*. Plaintiff is a citizen of Washington. *See* Paragraph 10, *supra*.

23.     Diversity Exclusions. There are certain situations where a district court is permitted or required to decline to exercise jurisdiction under CAFA. In all such situations enumerated in the statute, one or more of the Defendant are citizens of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B). As discussed above, Defendant in this action is not a citizen of Washington. *See* Paragraph 14–16, *supra*.

24.     Governmental Exclusion. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "the primary Defendant are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." Defendant is a corporation, not a state, state official, or other governmental entity exempt from CAFA.

25.     Amount in Controversy. For purposes of removal, the amount in controversy exceeds $5,000,000, as set forth below.

**AMOUNT IN CONTROVERSY**

26.     The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum, which is the same standard as when the plaintiff does not plead any amount in controversy. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a court or jury might later determine to

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 6

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

be the actual amount of damages, if any. *Lewis v. Verizon Commcns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted); *see also St. Paul Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "encompasses all relief a court may grant on that complaint if the plaintiff is victorious").

27.   Plaintiff's Class Definition. Plaintiff seeks damages on behalf of a putative class of "[a]ll individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Accel Schools LLC, where the job posting did not disclose the wage scale or salary range." Complaint at ¶ 40. Plaintiff also alleges that Defendant's job postings do not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered, and further alleges that this was a "systemic" failure. *See id.* at ¶¶ 24, 32, 38, 46. Thus, through his allegations, Plaintiff has placed all of Defendant's job postings in Washington at issue. Even if this were not the case, Defendant is not required to "concede liability for the entire amount." *Lewis*, 627 F.3d at 400. Indeed, Defendant disputes that class certification is appropriate for any group and disputes that Plaintiff and putative class members are entitled to any damages. For purposes of establishing the amount in controversy for removal, however, Defendant may rely on the broader putative class definition of all individuals who applied for a job opening in Washington. Whether the job postings they applied to disclosed the wage scale or salary range is irrelevant for this determination. *See Lewis*, 627 F.3d at 399–400 (holding that the defendant's evidence of the total billings, without distinguishing between "authorized" and "unauthorized" charges, was sufficient for removal even where the plaintiff sought to represent a more limited putative class of individuals who were billed for "unauthorized" charges); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922–23, 927 (9th Cir.

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 7

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

2019) (relying on defendant's data about all non-exempt employees despite complaint's limiting of putative class to those "who were subjected to individual wage and hour violations," and vacating district court's remand to state court); *see also, e.g., Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202, 1206 (E.D. Cal. 2008) (denying remand under CAFA because complaint alleged that defendant was liable for up to $1,000 per violation and Defendant proffered evidence that it had processed more than 5,000 total credit card transactions, even though the putative class was defined more narrowly to include only persons whose personal information had been recorded or who used a particular type of credit card transaction form).

28. <u>Relief Sought by Plaintiff</u>. Plaintiff's Complaint seeks statutory damages equal to five thousand dollars per person. Complaint at ¶¶ 53, 56. Plaintiff also seeks costs and reasonable attorneys' fees, pursuant to RCW 49.58.070(1). Complaint at ¶ 57.

29. <u>Statutory Damages</u>. For purposes of removal, Defendant has submitted evidence that approximately 2,078 individuals applied for a job opening in the State of Washington from January 1, 2023 to July 2, 2024.[3] Chung Decl. at ¶ 5. Based on Plaintiff's Complaint seeking at least five thousand dollars for Plaintiff and each putative class member, the potential statutory damages alone exceed the amount in controversy requirement under CAFA (2,078 multiplied by $5,000 is equal to $10,390,000). The potential statutory damages for Plaintiff's individual claims would be $5,000, and he could potentially recover more if he establishes that he is entitled to actual damages greater than $5,000.

30. <u>Attorneys' Fees</u>. It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d

---

[3] Defendant disputes that any class can be certified in this case. Defendant does not concede that Plaintiff's proposed class definition is appropriate, or that each of these individuals should be included in any potential class. Consistent with this, Defendant reserves the right to challenge any attempt to certify the putative class, Plaintiff's proposed class definition, and the scope of any potential class as the case proceeds.

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

994, 1000 (9th Cir. 2007). Further, a reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their own knowledge and experience); *Arias*, 936 F.3d at 927–28 (reaffirming *Fritsch*). Courts have recognized that even in single-plaintiff employment lawsuits, 100 hours is "an appropriate and conservative estimate" of the number of attorney hours expended through trial. *Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018) (quotations and citation omitted). Plaintiff's attorney has recently submitted a declaration reflecting his hourly rate of $725 per hour. Declaration of Derek A. Bishop, ¶ 2, Ex. 1. Therefore, the attorneys' fees at issue are at least $72,500 (100 hours multiplied by $725 per hour).

31.  Furthermore, in class cases, courts in the Ninth Circuit may employ a 25% "benchmark" in calculating awardable fees. *See Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *5, 7 (W.D. Wash. Aug. 2, 2022)*, adopted by* 2022 WL 4448546 (W.D. Wash. Sept. 23, 2022) (denying remand as CAFA jurisdiction established and applying 25% benchmark to damages estimate yielding approximately $1 million in estimated fees) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("'This circuit has established 25% of the common fund as a benchmark award for attorney fees.'")); *Levy v. Salcor, Inc.*, No. C14-5022 BHS, 2014 WL 775443, at *5 (W.D. Wash. Feb. 25, 2014) (applying 25% benchmark to damages estimate yielding $1,125,000 estimated in fees) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1337–38 (E.D. Cal. 2015) (denying remand as "[n]o two cases are ever perfectly alike. The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one. Even from plaintiff's

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 9

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

lower calculation of statutory damages ($4,064,800), this equates to a fee of approximately $1,016,200. The total amount in controversy thus exceeds $5 million."). Thus here, the attorneys' fees at issue for a putative class action could exceed $2,597,500 (25% of the aggregate amount in controversy calculated in Paragraph 29, *supra*).

32. Accordingly, when adding the potential statutory damages and future attorneys' fees for Plaintiff, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000 for diversity jurisdiction. Similarly, the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.

## VENUE

33. Venue is proper (for purposes of removal) in the Western District of Western Washington at Seattle. Venue is proper (for purposes of removal) in this District because this is the court for the district encompassing the place where this action is currently pending. 28 U.S.C. § 1441(a). Venue is proper in Seattle (for purposes of removal) because the action is pending in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

## SUFFICIENT CONSENT

34. Defendant is not required to investigate the identity of the unnamed Defendants nor to obtain their consent for removal. *See* 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998). In any event, no Doe Defendant has been served. Defendant is not required to obtain consent to remove from Defendant who have not been served. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded by statute on other grounds*, *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Defendant has sufficient consent to remove the State Court Action.

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 10

Littler Mendelson, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## NOTICE TO PLAINTIFF AND STATE COURT

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with King County Superior Court.

Dated: July 26, 2024

*/s/ Breanne Sheetz Martell*
Breanne Sheetz Martell, WSBA #39632
bsmartell@littler.com
Derek A. Bishop, WSBA #39363
debishop@littler.com
Madhura Panjini, WSBA #54370
mpanjini@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone:   206.623.3300
Facsimile:   206.447.6965

Attorneys for Defendant
ACCEL SCHOOLS LLC

4895-2265-4159.3 / 100638-1112

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

NOTICE OF REMOVAL TO FEDERAL COURT - 11

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, Washington 98101. I hereby certify that on July 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
EMERY REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Executed on July 26, 2024, at Seattle, Washington.

*/s/ Colette Pringle-Saunders*
Colette Pringle-Saunders
Attorney Practice Coordinator
cps@littler.com
**LITTLER MENDELSON, P.C.**

4895-2265-4159.3 / 100638-1112

NOTICE OF REMOVAL TO FEDERAL COURT - 12

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300